[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO OPEN JUDGMENT (DOCKET ENTRY NO. 110)
The defendant has filed a motion to open the judgment entered on April 8, 1998 (Ballen, J.). The defendant's motion is dated June 29, 1998 and was filed on July 2, 1998, thus within four months of the judgment. The motion is filed, therefore, pursuant to the provisions of § 17-4 of the Connecticut Rules of Practice (formerly § 326) and § 52-212a of the CT Page 8775 Connecticut General Statutes. Section 17-4 of the Rules of Practice provides, in part, as follows:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed . . . .
Section 52-212a of the Connecticut General Statutes is virtually identical in its language.
The defendant claims that due to a mistake in determining the value of two investment accounts, the plaintiff received approximately $10,000 MORE in additional assets than was anticipated pursuant to the separation agreement negotiated by the parties. It is alleged that the mistake was discovered when the defendant was making arrangements to transfer the assets to the plaintiff pursuant to the decree of dissolution.
On April 8th, the parties entered into a property settlement agreement. On that date the agreement was evidenced to the court at the time of the hearing for dissolution of the parties' marriage. The court reviewed the agreement, approved the same, and incorporated the terms of the agreement into the judgment. By the terms of the agreement, the defendant transferred his interest in the real property on South Ridge Road in New Canaan to the plaintiff. This transfer, after payment by the defendant of the first mortgage of $26,000 represented equity of $488,000. In Paragraph 4.2a i, the defendant agreed to transfer to the plaintiff his Phoenix Home Life Annuity"in the approximate value of $57,000" and his Royal Alliance IRA"in the approximate value of $30,000." The agreement also provided for the defendant to pay to the plaintiff the sum of $10,450 for which the plaintiff relinquished any claim to the $20,000 down payment toward the purchase of real property in Nantucket. The defendant also transferred his entire interest in a sole proprietorship known as Good Goods valued in his financial affidavit at $422,300.
On the basis of the defendant's financial affidavit, he transferred assets to the plaintiff valued at $983,000 of $1,230,000 reported in his financial affidavit. This, however, is incorrect in that the New Canaan real property was jointly owned CT Page 8776 thus reducing the total of assets transferred by $237,000 and Good Goods, while described as a sole proprietorship, was at least operationally a partnership run by the parties. (See plaintiff's financial affidavit wherein she lists her occupation as"Retail Sales/Partner" and her employer as"Good Goods, 859 Post Road, Darien, CT." In the defendant's financial affidavit, his occupation is described as Textile Executive and his employee is listed as American Silk Mills Corp. If Good Goods is, then, a 50-50 partnership, the value of the assets transferred to the plaintiff is further reduced to $535,060.
At the time of transfer of the Phoenix Home Life Annuity to the plaintiff, its value was $33,002. At the time of transfer of the Royal Alliance IRA, its value was $64,917. These assets were reported in the defendant's financial affidavit of April 8, 1998, with values for Phoenix Home Life Annuity of $29,436.30 as of December 31, 1997, and for Royal Alliance Associates, Inc., IRA of $57,473.30 as of February 27, 1998.
The account executive, Mr. Charles Schwefel, handling these two accounts for the defendant testified at the hearing held on defendant's motion as did the defendant and the plaintiff. Mr. Schwefel testified that he spoke to the defendant advising him of the values of these accounts on March 20th when he advised that Royal Alliance IRA had a value of $63,000 and Phoenix Home Life Annuity a value of $32,000. He testified that he also faxed this information to the defendant. Had the defendant examined the statement of his IRA dated February 27, 1998 more carefully, he would have determined its value as of that date to be $61,231.98 rather than $57,474.35. (See defendant's exhibit 2, p. 3.)
The assets comprising the Royal Alliance IRA are mutual funds whose values vary from day to day with the market. (See defendant's exhibit 4.) The value of the Phoenix Home Life Annuity has also varied considerably, dependent on the market. Mr. Schwefel testified to the following values for Phoenix:
March 20 $32,000
March 31 $33,002.
He testified to the following values for Royal Alliance:
 March 20 $63,025 CT Page 8777
March 27 $63,947
April 23 $65,522
April 29 $64,413 (defendant's exhibit 4).
It is clear that the defendant was not as careful as he should have been with regard to the values of these assets. His financial affidavit of March 2, 1998, reports each of these accounts with a value of $57,474. (See defendant's exhibit 1.) Counsel's letter of March 25th enclosed copies of printouts for these accounts. While reporting the Royal Alliance account value at $57,474, the statement showed a value of $61,231. (See defendant's exhibit 2.)
An undated and unsigned financial affidavit shows the figures of $29,436 for Phoenix and $57,474 for Royal Alliance. The financial affidavit of April 8 shows the same valuations, yet the defendant had been advised around March 20 of values of $32,000 and $63,000. Additionally, phone numbers for current information are listed on the printout sheets for both investments. (See defendant's exhibit 2.)
It has been said by our Supreme Court that"the principles that govern motions to open or set aside a civil judgment are well established. Section 17-4 of the Practice Book (formerly § 326) vests discretion in the trial court to determine whether there is a good and compelling reason for a judgment's modification or vacation." Hirtle v. Hirtle, 217 Conn. 394 at 398 (1991); Gillis v. Gillis, 214 Conn. 336, 340-41 (1990).
Finally, it should be noted that even the figures in paragraph 4.2 a i are in error. The approximate figures for the Phoenix Home Life Annuity and for Royal Alliance IRA are reversed.
The court finds that the defendant knew or should have known that the value of these two accounts had to be more than the amounts set forth in his affidavit. As of March 20, the values were $32,000 and $63,000 respectively. The final values were $33,000 and $64,900. The court does not find a significant difference in value between the amounts that were known or should have been known by the defendant and the value on the date of distribution.
The state has an interest in the finality of judgments. There CT Page 8778 is not a good and compelling reason to open this judgment. The defendant's motion is, therefore, denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE